UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | | |
|---|---|---|
| MARK GOODHOPE, | : | |
| | : | |
| Plaintiff, | : | 15CV7320 |
| | : | |
| - against - | : | COMPLAINT AND |
| | : | DEMAND FOR JURY TRIAL |
| THE CITY OF NEW YORK, CLIFFORD PARKS, | : | |
| ANTHONY RUSSO, CHRISTOPHER J. | : | ECF CASE |
| McCORMACK, and JANETTE CRUZ, all in | : | |
| Their Individual Capacities and in Their Official | : | |
| Capacities, | : | |
| | : | |
| Defendants | : | |

-------------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiff Mark Goodhope by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the

Constitution of the United States, including the Fourth and Fourteenth Amendments.

2. Plaintiff Mark Goodhope is a citizen of the Untied States who was present in

apartment 5F at 175 Alexander Avenue, Bronx, New York on January 28, 2013, when New York

City police officers Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz

entered the apartment without a search warrant, required the plaintiff and other individuals present

in the apartment to exit the apartment and to stand in the hallway, subsequently arrested the plaintiff

on a false criminal charge of Criminal Possession of a Weapon in the Second Degree, transported

the plaintiff to the 40th Precinct, subjected the plaintiff to a strip search, and subsequently

transported the plaintiff to Bronx Central Booking, where he continued to be imprisoned until the

night of January 29 - January 30, 2013, when he was released without being prosecuted for any crime.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Mark Goodhope is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Clifford Parks is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant Clifford Parks was acting within the scope of his employment by defendant The City of New York.

11.  Defendant Anthony Russo is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12.  At all times relevant herein, defendant Anthony Russo was acting within the scope of their employment by defendant The City of New York.

13.  Defendant Christopher J. McCormack is a natural person who, upon information and belief, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14.  At all times relevant herein, defendant Christopher J. McCormack was acting within the scope of his employment by defendant The City of New York.

15.  Defendant Janette Cruz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16.  At all times relevant herein, defendant Janette Cruz was acting within the scope of her employment by defendant The City of New York.

## STATEMENT OF CLAIMS

17.  Plaintiff incorporates by reference paragraphs 1 through 16 of this complaint as though the same were set forth fully herein.

18.  On January 28, 2013, plaintiff Mark Goodhope was lawfully present as a guest in apartment 5F in the premises at 175 Alexander Avenue, Bronx, New York.

19.  On January 28, 2013, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz entered apartment 5F at 175 Alexander Avenue, Bronx, New York.

20. Upon information and belief, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a search warrant authorizing their entry into apartment 5F at 175 Alexander Avenue, Bronx, New York.

21. Following their entry into apartment 5F at 175 Alexander Avenue, Bronx, New York, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz directed plaintiff Mark Goodhope and other individuals present in apartment 5F to exit the apartment and to wait in the hallway outside the apartment.

22. Subsequently, one of the individual defendants handcuffed plaintiff Mark Goodhope.

23. Plaintiff Mark Goodhope was detained in the hallway outside apartment 5F at 175 Alexander Avenue, Bronx, New York.

24. While plaintiff Mark Goodhope was detained in the hallway outside apartment 5F, defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz conducted a search of apartment 5F.

25. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiff Mark Goodhope on a charge of Criminal Possession of a Weapon in the Second Degree.

26. Plaintiff Mark Goodhope was not in possession of any weapon.

27. The charge on which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiffs Mark Goodhope was false.

28. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz did not have a warrant or other legal process authorizing the arrest of plaintiff Mark Goodhope.

29. The defendants transported plaintiff Mark Goodhope to the 40th Precinct, where the plaintiff was imprisoned.

30.  At the 40th Precinct, plaintiff Mark Goodhope was required to remove all his clothing except his undershorts and to submit to a search.

31.  On or about the night of January 29 - January 30, 2013, plaintiff Mark Goodhope was released from Bronx Central Booking without being prosecuted for any crime.

## COUNT ONE ON BEHALF OF MARK GOODHOPE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

32.  Plaintiff incorporates by reference paragraphs 1 through 31 of this complaint as though the same were set forth fully herein.

33.  The seizure, detention, arrest, and imprisonment of plaintiff Mark Goodhope by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

34.  The seizure, detention, arrest, and imprisonment of plaintiff Mark Goodhope were made without probable cause to believe that he had committed a crime or offense.

35.  The charge upon which defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz arrested plaintiff Mark Goodhope was false.

36.  The charge was made by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz against plaintiff Mark Goodhope with knowledge that it was false.

37.  Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional arrest of plaintiff Mark Goodhope and/or could have intervened to stop the arrest.

38.   Plaintiff Mark Goodhope was aware of his seizure, detention, arrest and imprisonment by defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz.

39.   Plaintiff Mark Goodhope did not consent to his seizure, detention, arrest or imprisonment.

40.   As a result of the foregoing, plaintiff Mark Goodhope was deprived of his liberty, imprisoned, greatly embarrassed and humiliated, and subjected to mental and physical distress.

41.   The seizure, detention, arrest and imprisonment of plaintiff Mark Goodhope deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

42.   Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Mark Goodhope.

43.   Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Mark Goodhope on false criminal charges.

### COUNT TWO ON BEHALF OF MARK GOODHOPE
### STRIP SEARCH UNDER 42 U.S.C. §1983

44.   Plaintiff incorporates by reference paragraphs 1 through 43 of this complaint as though the same were set forth fully herein.

45. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz lacked a factual basis to support a reasonable suspicion that plaintiff Mark Goodhope had evidence or contraband concealed beneath his clothing.

46. The strip search of plaintiff Mark Goodhope conducted at the 40th Precinct deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

47. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz acted in concert in the unconstitutional strip search of plaintiff Mark Goodhope and/or could have intervened to stop the search.

48. Plaintiff Mark Goodhope suffered anxiety, embarrassment, humiliation and emotional distress as a result of the strip search conducted by the defendants.

49. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz were acting under color of state law when they subjected plaintiff Mark Goodhope to a strip search at the 40th Precinct.

50. Defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff Mark Goodhope at the 40th Precinct.

## COUNT THREE ON BEHALF OF MARK GOODHOPE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

51. Plaintiff incorporates by reference paragraphs 1 through 50 of this Complaint as though the same were set forth fully herein.

52.    The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

53.    The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which a search is conducted, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth Amendment of the Constitution of the United States.

55. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

56. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a)    Defendant The City of New York failed properly to train police officers in proper procedures for conducting searches consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b)    Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present at the locations of searches;

(c)    Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of weapons, controlled substances, marijuana or other contraband consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(d) Defendant The City of New York encouraged or permitted police officers conducting searches of premises to arrest all persons present in the premises being searched regardless of the absence of probable cause for such arrests;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the conduct of searches and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present during the conduct of searches of premises where probable cause for the arrests did not exist.

57.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

58.  The arrest and imprisonment of plaintiff Mark Goodhope on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the conduct of searches of premises, the standards of probable cause, and the requirements for warrantless arrests.

59.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search is being conducted.

60.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

61. Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of arresting all persons present in premises in which a search is conducted.

## COUNT FOUR ON BEHALF OF MARK GOODHOPE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

62. Plaintiff incorporates by reference paragraphs 1 through 61 this Complaint as though the same were set forth fully herein.

63. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons charged with crimes in violation of the Fourth Amendment of the Constitution of the United States.

64. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence or contraband concealed beneath clothing.

65. The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to strip searches;

   (b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

   (c) Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that strip searches were not

performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing;

(d) Defendant The City of New York failed to discipline police officers for performing strip searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing.

66. The strip search to which plaintiff Mark Goodhope was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for visual cavity searches.

67. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence or contraband concealed beneath clothing.

68. Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence or contraband concealed beneath clothing.

## COUNT FIVE ON BEHALF OF MARK GOODHOPE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

69. Plaintiffs incorporate by reference paragraphs 1 through 68 of this Complaint as though the same were set forth fully herein.

70. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police

Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Clifford Parks, Anthony Russo, Christopher J. McCormack and Janette Cruz are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

71. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

72. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

73. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

74. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Mark Goodhope would be violated.

75. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Mark Goodhope.

76. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

77.  Defendant The City of New York deprived plaintiff Mark Goodhope of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.  Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
        September 16, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By:_____
        Steven Michelstein (SM3323)
        Attorneys for Plaintiff
        485 Madison Avenue
        New York, New York 10022
        malaw485@yahoo.com
        (212) 588-0880